Sherpa v. Barr

BIA
Nelson, IJ
A205 643 974

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of April, two thousand nineteen.

PRESENT:
REENA RAGGI,
RICHARD C. WESLEY,
RAYMOND J. LOHIER, JR.,
    *Circuit Judges.*

_____

PEMA SHERPA,
        *Petitioner,*

v.                                                          17-2060
                                                            NAC

WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         Stuart Altman, New York, NY.

FOR RESPONDENT:         Chad A. Readler, Acting Assistant
                        Attorney General; Derek C. Julius,
                        Assistant Director; Anthony O.
                        Pottinger, Trial Attorney, Office
                        of Immigration Litigation, United
                        States Department of Justice,
                        Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Pema Sherpa, a native and citizen of Nepal, seeks review of a June 16, 2017, decision of the BIA affirming a November 30, 2016, decision of an Immigration Judge ("IJ") denying Sherpa's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Pema Sherpa,* No. A 205 643 974 (B.I.A. June 16, 2017), *aff'g* No. A 205 643 974 (Immig. Ct. N.Y. City Nov. 30, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA adopted the IJ's adverse credibility determination, without addressing any of the IJ's other findings, we review both the IJ's and BIA's decisions but only as to credibility. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determinations under the substantial evidence standard. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the

circumstances" and may consider inconsistencies between an applicant's written and oral statements or between her statements and other evidence. 8 U.S.C. § 1158(b)(1)(B)(iii). Although the agency may rely on non-material omissions as well as inconsistencies in making credibility determinations, *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008), "not all omissions and inconsistencies . . . deserve the same weight," *Hong Fei Gao*, 891 F.3d at 77. The agency must "distinguish between (1) omissions that arise merely because an applicant's oral testimony is more detailed than his or her written application, and (2) omissions that tend to show that an applicant has fabricated his or her claim." *Id.* at 82. Because the omissions in this case are similar to those at issue in *Hong Fei Gao*, we remand for the agency to reconsider the adverse credibility determination and for the BIA to address the IJ's alternative findings.

Sherpa's application and testimony describe a 2008 attack by the Maoists while she was campaigning for the Nepali Congress Party and a 2011 attack by six members the Maoist-affiliated Young Communist League ("YCL") who came to Sherpa's house and beat Sherpa and her father. The agency's adverse credibility ruling relied primarily on an omission from her application of an injury that Sherpa sustained to

her arm when she fell during the 2011 attack. But Sherpa's asylum application and testimony gave largely consistent descriptions of the 2011 incident. Moreover, the omitted injury was caused by her fall rather than a blow from her attackers, and she did not seek any medical treatment.

As in *Hong Fei Gao*, the agency placed too much weight on Sherpa's omission of her injury. Sherpa's testimony regarding the injury to her arm "was supplementary, not contradictory," *id.* at 79. Similarly, Sherpa's father's omission of the injury does not contradict Sherpa's statements. *Id.* at 81 ("[W]here a third party's omission creates no *inconsistency* with the applicant's own statements[,] an applicant's failure to explain third party omissions is less probative than an applicant's failure to explain his or her own omissions.").

Moreover, because the omission of the injury was not obvious, the IJ was required to confront Sherpa about the omissions in her application and her father's letter before relying on them as the primary basis for an adverse credibility ruling. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 121 (2d Cir. 2006) (explaining that where inconsistencies "are not plainly obvious," the agency may not rely on them without first "identifying the alleged inconsistencies for

4

the applicant and giving the applicant an opportunity to address them").

The IJ's remaining findings do not provide substantial evidence for the adverse credibility determination because they reflect the same deficiencies. The IJ found that Sherpa's application omitted the date of the first attack. However, Sherpa's testimony that the attack occurred in February 2008 is consistent with the timeframe of her application, which stated that the attack took place while she was campaigning for the Nepali Congress Party before an election and before she left for a temporary job in Israel. Additionally, Sherpa's testimony describing the attack was consistent with her application except that she described being "beaten" rather than "kicked." Sherpa was not confronted about this perceived inconsistency. *See id.*

Apart from the omissions, Sherpa provided a detailed written statement and testimony consistent with her application regarding the events in 2008 and 2011 that caused her to leave Nepal. Accordingly, we remand for the agency to reconsider its adverse credibility ruling under the clarified standard set forth in *Hong Fei Gao*. On remand, the BIA may also review in the first instance the IJ's alternative findings regarding the severity of the past harm, changed

5

conditions in Nepal, and the possibility of internal relocation.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6